
FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2015 NOV 13 PM 3:45
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

VALLAMBROSA PLANTATION, LLC, )
)
    Plaintiff, )
)
v. )    CASE NO. CV415-254
)
CSX TRANSPORTATION, INC. and )
TIC - THE INDUSTRIAL COMPANY )
SOUTHEAST, INC., )
)
    Defendants. )
)

## ORDER

Before the Court is Plaintiff's Motion to Remand (Doc. 9) to which Defendant CSX Transportation, Inc. ("CSXT") has filed a response (Doc. 10). While Defendant CSXT consents to a remand, it argues that the Plaintiff is not entitled to attorney's fees. For the reasons that follow, Plaintiff's Motion to Remand (Doc. 9) is **GRANTED IN PART** and this case is hereby **REMANDED** to the Superior Court of Chatham County, Georgia for further proceedings. However, Plaintiff's request for attorney's fees and other costs is **DENIED**. Following remand, the Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

This case arises from the dismantling and removal of steel beams on a retired railroad bridge by Defendant TIC

– The Industrial Company, Inc. ("TIC"). (Doc. 1 at 2.) Defendant TIC was operating pursuant to a contract with Defendant CSXT. (Id.) Vallambrosa Plantation, LLC asserted ownership of a portion of the retired railroad bridge from which the beams were removed. (Id.) On July 17, 2015 the state court issued a temporary restraining order prohibiting TIC and CSXT from removing or disposing of the steel beams. (Id.) The Plaintiff simultaneously commenced an action in state court. (Doc. 1 at 1.) The removed steel beams are currently subject to a modified consent order that permits TIC to store the removed beams at a facility or return the beams to the property, and prohibits Defendants CSXT or TIC from removing any further structures from the bridge without approval. (Doc. 1 at 2.) Defendant CSXT removed the case to this Court, after which Plaintiff filed its Motion to Remand.

**ANALYSIS**

I. STANDARD OF LAW

Generally, federal courts are courts of limited jurisdiction: they may only adjudicate cases over which they have been granted jurisdiction by the Constitution or Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994). Specifically, federal district courts have jurisdiction over two types of civil actions: (1)

2

those that involve a federal question, meaning the claim arises under the Constitution, laws, or treaties of the United States; and (2) those that invoke the court's diversity jurisdiction, meaning they involve an amount in controversy in excess of $75,000 and are "between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (citing 28 U.S.C. § 1332). In cases removed to federal court based on diversity jurisdiction, removal is permissible only "if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005).

The defendant, as the removing party, normally has the burden of proving the existence of federal subject matter jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Where removal is improper, a party may move to remand the case back to state court. See 28 U.S.C. § 1447(c). All doubts about federal jurisdiction should be resolved in favor of a remand to state court. Burns v. Windsor Ins. Co., 21 F.3d 1092, 1095 (11th Cir. 1994).

In this case, Defendant CSXT is a citizen of Virginia and Florida (Doc. 10 at 3), Defendant TIC is a citizen of Delaware and Colorado. Because Plaintiff is an LLC, it is considered a citizen of all the states where its members are citizens. Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ., 663 F.3d 1304, 13-5 (11th Cir. 2011). One of Plaintiff's members, Mr. Freeman Napier Jelks, III, is a citizen of Virginia. (Doc. 9 at 2.) However, Defendant CSXT was unable to determine this because Mr. Jelks was not publicly listed as a member of the Plaintiff LLC. Plaintiff's attorney revealed the existence of Mr. Jelks and his citizenship on October 12, 2015. (Doc. 10, Attach. 1 at 2.) Because Mr. Jelks shares citizenship with Defendant CSXT, there is not sufficient diversity between the parties to retain jurisdiction, and this Court must remand this case back to state court.

However, Plaintiff has also asked for attorney's fees, citing to 28 U.S.C. § 1447 presumably on the basis that Defendant lacked "an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). However, Plaintiff has proffered no evidence that Defendant CSXT lacked an objectively reasonable basis in seeking removal. Defendant CSXT believed, after a diligent search, that all parties in the

4

case were diverse. In fact, it appears that even Plaintiff was unaware of Mr. Jelks's citizenship as it was not until October, 12, 2015—nearly a full month after this case was removed to this Court—that Plaintiff's attorney informed Defendant of Mr. Jelks's citizenship. (Doc. 10, Attach. 1 at 2.) Defendant CSXT also filed sufficient documentary evidence in the form of the declaration of Carl G. Kleeman III to prove that it reasonably believed that the amount in controversy exceeded $75,000. (Doc. 1, Attach. 4; Doc. 10 at 5-6.) Plaintiff's counsel admits he "overlooked" this document as well.[1] (Doc. 11 at 2.) Furthermore, Defendant did not unduly delay agreeing to a remand when presented with the evidence that the parties were non-diverse. While Plaintiff's behavior is certainly questionable—particularly in light of Plaintiff attorney's failure to read all the information provided by Defendant and decision to waste this Court's time adjudicating meritless requests for attorney's fees—Defendant CSXT's behavior has been "objectively reasonable." As a result, Plaintiff's request for attorney's fees is **DENIED**.

---

[1] Plaintiff had initially argued that the motion to remand should also be granted on the basis that Defendant CSXT failed to provide sufficient evidence that the amount in controversy exceeded $75,000. (Doc. 9 at 2.)

5

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 9) is **GRANTED IN PART** and this case is hereby **REMANDED** to the Superior Court of Chatham County, Georgia for further proceedings. However, Plaintiff's request for attorney's fees and other costs is **DENIED**. Following remand, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 13th day of November 2015.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA